UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

STEPHANIE PRITCHARD                CIVIL ACTION NO. 18-cv-1403

VERSUS                              JUDGE FOOTE

MERAKEY PENNSYLVANIA                MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Stephanie Pritchard ("Plaintiff") filed this employment discrimination action against her former employer, Merakey Pennsylvania ("Defendant"), a mental health services provider. Plaintiff alleges that a Merakey patient, referred to in the litigation as A.B., sexually harassed and assaulted her multiple times. She claims that she complained to Merakey officials about A.B.'s actions and was later fired from her job.

Before the court is Plaintiff's **Motion to Compel Discovery (Doc. 22)**, which seeks an order from this court to compel Merakey to produce information in response to Plaintiff's discovery requests. For the reasons that follow, the motion is granted in part and denied in part.

**Interrogatory 11 and RFPs 7, 9, 12, 13, and 14**

The requests include: (1) A.B.'s chart and diagnoses, specifically whether he has been diagnosed with or noted for any sexual behavior dysfunctions; (2) all complaints of sexual harassment by patients, particularly A.B.; and (3) all records and evidence developed as part of Defendant's investigation into and reporting incidents of A.B.'s sexual harassment of Plaintiff.  Plaintiff argues that, given the nature of her claims, the requested

discovery will be significant in establishing her case. Plaintiff cites <u>Gardner v. CLC of Pascagoula, LLC</u>, 915 F.3d 320 (5th Cir. 2019), where a plaintiff sued a nursing home for hostile work environment due to a resident's suggestive and sexually aggressive behavior. The trial court in <u>Gardner</u> ruled that a resident's chart was relevant and discoverable and that redacting the resident's identifying information would adequately protect his privacy rights. Plaintiff also points out that any information disclosed by Defendant would be subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 21).

Defendant argues that the request for A.B.'s chart and diagnosis falls within the psychotherapist-patient privilege set forth in <u>Jaffe v. Redmond</u>, 518 U.S. 1 (1996). Defendant claims that because A.B. is not a party to the suit, his information is subject to even more protection. Defendant cites <u>Flowers v. Camellia Grill</u>, 2003 WL 21999349 (E.D. La. 2003), in which a plaintiff sued her employer after she was sexually harassed by a manager. The plaintiff requested the non-party manager's psychiatric counseling records, but the trial court denied the request, finding that the records were within <u>Jaffe</u>'s psychotherapist privilege. Alternatively, Defendant argues that the information is protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

Defendant argues that the <u>Gardner</u> case is not applicable here because the plaintiff in <u>Gardner</u> alleged hostile work environment. Defendant claims that A.B.'s actions are not at issue to determine whether he engaged in any type of harassment that led to a hostile work environment, and the only issue is whether Plaintiff was wrongfully terminated.

Contrary to Defendant's claims, Plaintiff's complaint included allegations that A.B. harassed her and that Defendant was aware of the "persistent sexual harassment." Doc. 11,

¶ 33. Defendant has denied these allegations. Doc. 12, ¶ 33. Therefore, whether Plaintiff was harassed and subjected to a hostile work environment is at issue. Huri v. Office of the Chief Judge, 804 F.3d 826, 831 (7th Cir. 2015)(plaintiff need not use the words "hostile work environment" when plaintiff alleged continued harassment despite the complaints she made).

In her reply, Plaintiff argues that evidence of A.B.'s history of sexual harassment, and Defendant's knowledge of his and similar behavior, will be significant in establishing her case. Plaintiff argues that Flowers is not applicable here because she is suing the mental health facility that provided the therapy, and the records are relevant to show A. B.'s history of sexually aggressive behavior and whether the facility knew of his behavior and allowed a hostile work environment to persist.

Plaintiff also argues that the psychotherapist-patient privilege only applies to confidential communication and does not apply when the patient is a threat to others. Plaintiff asserts that A.B. has no reasonable expectation in the confidentiality of his sexual advances, and "confidential communications" do not include information about prior complaints against A.B., his diagnoses, or his history of sexually aggressive behavior.

Plaintiff contends that, to the extent that the information requested includes records covered by HIPAA, the information is protected by the Stipulated Confidentiality Agreement and Protective Order (Doc. 21), and A.B.'s rights under HIPAA would be protected by redacting his identifying information.

The court finds that the information is relevant to Plaintiff's claims, so this aspect of Plaintiff's motion is granted in part. Due to the court's concerns about proportionality,

protecting confidential communications, and excessive intrusions on the privacy of non-parties, Defendant is ordered to provide only (1) all references in A.B.'s chart and diagnoses that refer to sexually inappropriate conduct or sexual harassment; and (2) documents pertaining to other complaints of sexually inappropriate conduct or sexual harassment made against or about A.B., including (but not limited to) complaints by Plaintiff against A.B. All documents produced are subject to the court's prior protective order (Doc. 21), and A.B.'s identifying information must be redacted.

**Interrogatory 6**

In Interrogatory No. 6, Plaintiff asked Defendant to identify *each and every* complaint regarding patient harassment or behavior between 2015 and 2019 and asked Defendant to indicate whether the accused patient in each complaint was A.B. Defendant argues that the requests for complaints regarding other patients' behavior or harassment also impact the Jaffe privilege because the information could potentially lead to the disclosure of medical information and private information of other employees.

Defendant cites Peronis v. United States, 2017 WL 3705058 (W.D. Pa. 2017), in which the trial court rejected production of a non-party's medical records because the plaintiff failed to articulate why the records were necessary and ruled that it was unwilling to order production in light of state and federal law. In Peronis, the plaintiff sought medical records of a non-party infant to show whether his treating medical staff were distracted. The court held that the information was obtainable by other means, including the medical staff members' depositions.

Defendant also argues that the scope of these requests is not sufficiently limited. Defendant cites Marshall v. Westinghouse, 576 F.2d 588, 592 (5th Cir. 1978) for the assertion that the scope of discovery in employment discrimination cases is limited to the same department or office where the plaintiff worked and to the individuals alleged to have discriminated against the plaintiff. In Marshall, the Fifth Circuit held that the district court properly limited discovery where production of information regarding "all persons whose employment. . . was terminated" within a company was burdensome and oppressive. However, the Fifth Circuit did say that the information sought was "clearly" relevant, but the request was too broad because it encompassed 7,500 employees in 32 districts. The Court explained that, in the context of investigating an individual complaint, the "most natural focus is upon the source of the complained of discrimination," which is the employing unit.

Plaintiff responds that the request, which only asks for complaints at the NHS Merakey location, is sufficiently limited and that knowledge of complaints regarding other patients is relevant to show whether Defendant knew or should have known of an existing hostile work environment.

This aspect of the motion to compel is denied. The court finds that the responses already ordered above are sufficient to provide the information needed by Plaintiff regarding A.B.'s history and behavior. The additional information sought in this interrogatory is not proportional to the needs of the case and could lead to unwarranted intrusions into the privacy of patients and employees who have no connection to this dispute.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of August, 2019.

Mark L. Hornsby
U.S. Magistrate Judge